UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

| | |
|---|---|
| VICTORIA B. COSTANTINI, | No. 2:09-cv-0406-MCE-DAD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| WACHOVIA MORTGAGE FSB f/k/a WORLD SAVINGS BANK; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.; CALIFORNIA RECONVEYANCE COMPANY; LONG BEACH MORTGAGE COMPANY; WASHINGTON MUTUAL BANK; and DOES 1 to 100, inclusive, | |
| Defendants. | |

----oo0oo----

Faced with non-judicial foreclosure on her residence, Plaintiff Victoria B. Costantini ("Plaintiff") seeks through the present action to rescind her mortgage loan and to obtain statutory damages for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") she alleges occurred at the time her loan was originated. Plaintiff also seeks damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

1

Finally, her Complaint includes a cause of action seeking declaratory and injunctive relief under California's Unfair Competition Law, California Business and Professions Code § 17200, et seq. ("UCL").

Defendant Washington Mutual Bank, in its own capacity and as successor-in-interest to Long Beach Mortgage Company ("Washington Mutual") now moves to dismiss Plaintiff's claims in accordance with the provisions of Federal Rule of Civil Procedure 12(b)(6). Washington Mutual concurrently requests that the lis pendens recorded by Plaintiff on the subject property be expunged on grounds that Plaintiff's claims have no merit. Plaintiff has filed no opposition to either Motion. Given the non-opposition, and for the reasons set forth below, Washington Mutual's Motions will be granted.

## BACKGROUND

On or about July 6, 2005, Plaintiff borrowed $312,000.00 from Long Beach Mortgage Company pursuant to a promissory note secured by a Deed of Trust on real property located at 53-55-57 West 3rd Street, Stockton, California 95206 ("Subject Property"). Request for Judicial Notice, Ex. A.[1]

///
///

---

[1] Washington Mutual has requested, in accordance with Federal Rule of Evidence 201(b), that the Court take judicial notice of certain public documents pertaining to the Subject Property recorded by the San Joaquin County Recorder's Office. Those requests, which are both properly taken and unopposed, are hereby granted.

2

Washington Mutual subsequently acquired the beneficial interest under the promissory note and Deed of Trust as successor-in-interest to Long Beach Mortgage Company.  Thereafter, on or about August 19, 2008, Washington Mutual substituted Defendant California Reconveyance Company as the Trustee under the Deed of Trust by recording a Substitution of Trustee.  Request for Judicial Notice, Ex. B.  That same day nonjudicial foreclosure against the subject property was commenced by California Reconveyance by recording and serving a Notice of Default and Election to Sell Under Deed of Trust.  Request for Judicial Notice, Ex. C.

Plaintiff instituted the present action on February 12, 2009.  Aside from Washington Mutual Bank, none of the other Defendants have appeared and there is no indication in the Docket that service has been effectuated upon them.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

3

1  While a complaint attacked by a Rule 12(b)(6) motion to dismiss
2  does not need detailed factual allegations, a plaintiff's
3  obligation to provide the "grounds" of his "entitlement to
4  relief" requires more than labels and conclusions, and a
5  formulaic recitation of the elements of a cause of action will
6  not do.  Bell Atl. Corp. v. Twombly, 2007 U.S. LEXIS 5901, 20-22
7  (U.S. 2007) (internal citations and quotations omitted).  Factual
8  allegations must be enough to raise a right to relief above the
9  speculative level.  Id. at 21 (citing 5 C. Wright & A. Miller,
10 Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)
11 ("The pleading must contain something more . . . than . . . a
12 statement of facts that merely creates a suspicion [of] a legally
13 cognizable right of action").

14      If the court grants a motion to dismiss a complaint, it must
15 then decide whether to grant leave to amend.  The court should
16 "freely give[]" leave to amend when there is no "undue delay, bad
17 faith[,] dilatory motive on the part of the movant, . . . undue
18 prejudice to the opposing party by virtue of . . . the amendment,
19 [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);
20 Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to
21 amend is only denied when it is clear that the deficiencies of
22 the complaint cannot be cured by amendment.  DeSoto v. Yellow
23 Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).
24 ///
25 ///
26 ///
27 ///
28 ///

4

**ANALYSIS**

**A.  Plaintiff's First and Second Claims are time-barred.**

In her First and Second and Second Claims for Relief, Plaintiff contends that she was not provided with the disclosures required by TILA and its implementing regulations, and therefore is entitled both to rescission and to monetary damages.  In the First Claim, Plaintiff seeks to rescind her mortgage loan under 15 U.S.C. § 1635 on grounds that she was not provided with the necessary disclosures regarding the costs and terms of the loan.  Similarly, Plaintiff asks for damages in her Second Claim for Washington Mutual's alleged failure to provide the requisite disclosures.

Both claims are time barred.  The right to rescind under TILA is subject to a three-year statute of limitations. 15 U.S.C. § 1635(f).  The Supreme Court has unequivocally held that § 1635 "completely extinguishes the right to rescission at the end of the 3-year period." <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998).  According to Plaintiff's Complaint, the loan transaction at issue occurred on or about August 6, 2005.  Compl., ¶ 17.  The Deed of Trust reflects a date one month earlier, on July 6, 2005.  Request for Judicial Notice, Ex. A.  Irrespective of what date is used, however, there is no question that Plaintiff's lawsuit, filed on February 12, 2009, was commenced well outside of the three-year limitations period.  Washington Mutual's Motion to Dismiss the First Claim for Relief must accordingly be granted.

///

The statute of limitations also bars Plaintiff's Second Claim for damages under TILA. A plaintiff seeks damages under TILA must file suit within one year following the alleged violation. 15 U.S.C. § 1640(e). As the Ninth Circuit explains in <u>Meyer v. Ameriquest Mortgage Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003), that date is calculated from the date the loan documents were signed:

> "The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The Meyers were in full possession of all information relevant to the discovery of a TILA violation and section 1640(a) damages claim on the day the loan papers were signed."

This conclusion is particularly apt in the present case given Plaintiff's contention that she was aware that certain documents had not been provided at or before the loan closing occurred, and failed to receive such documents "despite her insistence and continued requests." Compl., ¶ 19. As indicated above, the promissory note and Deed of Trust on the subject property are dated July 6, 2005, and Plaintiff's lawsuit here was not commenced until more than two-and-a-half years after the one-year statute of limitations on the TILA damages claim expired. Plaintiff's Second Claim for Relief therefore also fails.

**B.  Plaintiff cannot state a viable FDCPA claim against the Moving Defendants.**

By its terms, the FDCPA regulates the permissible practices a "debt collector" may employ while attempting to collect "debts owed or due or asserted to be owed or due another". 15 U.S.C. § 1692a(6).

6

While Plaintiff alleges that both Defendant Long Beach Mortgage Company and its successor-in-interest, Defendant Washington Mutual, are "debt collectors" within the purview of the FDCPA (Compl., ¶¶ 8-10), both entities are in fact exempt from liability. "[T]he law is well-settled... that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." Hepler v. Washington Mut. Bank, F.A., 2009 WL 1045470 at *4, (C.D. Cal. 2009), citing Scott v. Wells Fargo Home Mortg. Inc., 326 F. Supp. 2d 709, 718 (E.D. Va. 2003). Consequently neither Washington Mutual or Loan Beach Mortgage Company are liable under the FDCPA and Plaintiff's Third Claim for Relief must be dismissed.

### C. **Plaintiff has failed to allege any actionable violation of the UCL.**

In alleging her Fourth and final Claim for Relief in violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200) ("UCL"), Plaintiff contends that the alleged TILA and FDCPA violations committed by Defendants constituted unfair business practices. By proscribing unlawful business practices, § 17200 borrows violations of other laws and makes them independently actionable under the unfair competition law. Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (Cal. 1999). A plaintiff who fails to establish a violation of some other law also fails to allege that the business act in question is "unlawful" under the UCL.

///

7

See <u>Walker v. Countrywide Home Loans, Inc.</u>, 98 Cal. App. 4th 1158, 1169-70 (Cal Ct. App. 2002).  Because Plaintiff cannot state a viable TILA or FDCPA claim as set forth above, she has no underlying cause of action with which to predicate liability under the UCL.  Moreover, Plaintiff has further failed to state any viable unfair or deceptive practices for purposes of an alleged UCL claim aside from those encompassed within her failed TILA or FDCPA claims.  As such, Washington Mutual is entitled to dismissal of Plaintiff's Fourth Claim for Relief.

      **D.    Washington Mutual's Motion for Expungement of Lis Pendens is well-taken.**

In addition to its Motion to Dismiss, as stated above Washington Mutual also moves to expunge the Lis Pendens against the subject property.  The Lis Pendens was filed by Plaintiff on February 17, 2009.  Request for Judicial Notice in Support of Motion to Expunge Lis Pendens, Ex. A.

Pursuant to California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action [lis pendens] in which that real property claim is alleged."  The purpose of a lis pendens notice is to provide constructive notice of a pending claim that may affect title or right to possession of the real property described in the lis pendens notice.  See <u>La Paglia v. Super. Ct.</u>, 215 Cal. App. 3d 1322, 1326 (Cal. Ct. App. 1989).

///

///

///

1     Because Plaintiff has attempted to state claims relating to
2 the mortgage on her home, the Court believes that her claims do
3 pertain to real property and could conceivably have formed the
4 basis of a lis pendens.  See <u>Marks v. Ocwen Loan Servicing</u>,
5 2007 WL 2409423 at *5 (N.D. Cal. 2007).  Plaintiff must
6 nonetheless establish by a preponderance of the evidence the
7 probable validity of her real property claim.  Cal. Code Civ.
8 Proc. § 405.32.

9     The Court has concluded above that plaintiff has not
10 established the probable validity of any of her claims.
11 Washington Mutual's Motion to Expunge Lis Pendens is therefore
12 properly granted.  <u>Ziello v. Superior Court</u>, 36 Cal. App. 4th
13 321, 331-32 (Cal. Ct. App. 1995).

### CONCLUSION

17     For the reasons set forth above, the Court GRANTS Washington
18 Mutual's Motion to Dismiss Plaintiff's claims asserted against
19 Washington Mutual.[2]  That dismissal is with prejudice inasmuch as
20 the Court does not believe that the deficiencies of Plaintiff's
21 claims against Washington Mutual can be rectified through
22 amendment.
23 ///
24 ///
25 ///

---

27     [2] Because oral argument was not be of material assistance,
28 the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

9

In addition, Washington Mutual's Motion to Expunge Lis Pendens is also GRANTED and the Court orders the lis pendens notice recorded against the subject property expunged.

    IT IS SO ORDERED.

Dated: June 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE